**JAMES E. SEYKORA**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 1478**
**Billings, MT 59103**
**2929 Third  Ave. North, Suite 400**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: jim.seykora@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF MONTANA

### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CR-10-134-BLG-RFC** |
| **vs.** | |
| **LAWRENCE G. KOPP,** | **OFFER OF PROOF** |
| **Defendant.** | |

1

Plaintiff, United States of America, by and through its counsel of record, James E. Seykora, Assistant United States Attorney for the District of Montana, hereby files its Offer of Proof.

## THE  CHARGE

The defendant in this case, Lawrence G. Kopp, is charged by Indictment with Conspiracy to Possess With Intent to Distribute and Distribute Methamphetamine and Possession With Intent to Distribute and Distribution of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).

## PLEA AGREEMENT

There is a plea agreement in this case.  Pursuant to the plea agreement, Lawrence G. Kopp will enter a plea of guilty to Counts III and IV of the Indictment.

## ELEMENTS OF THE CHARGE TO WHICH
## THE DEFENDANT WILL ENTER A PLEA

In order for the defendant to be found guilty of Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), the United States must prove each of the following elements beyond a reasonable doubt:

*9.18 Controlled Substance—Distribution*

First, the defendant knowingly delivered a methamphetamine; and

Second, the defendant knew that it was methamphetamine or some other prohibited drug.

The defendant acknowledges that the amount of methamphetamine distributed in each count was over 5 grams of actual methamphetamine, a Schedule II controlled substance.

## PENALTY

The defendant is subject to a minimum mandatory five to forty years imprisonment, a fine of $2,000,000, a term of supervised release of at least 4 years, and a $100 special assessment on each count.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On September 16, 2009, FBI Task Force members arranged a controlled drug purchase utilizing an FBI CHS (Confidential Human Source). The transaction was set for Grass Range, Montana, and the CHS made arrangements with Lisa Martinez to set up the deal.

Martinez told the CHS that she would be bringing two subjects with her and identified the vehicle in which they would be traveling.  Later that evening, the CHS met Lisa Martinez, Lawrence "Larry" Kopp and Tanya Nava at a gas station in Grass Range.  The CHS noted that s/he handed Martinez $4,400 for two ounces of methamphetamine and that Larry Kopp was driving and Tanya Nava was in the front passenger seat.  After the transaction was completed, a uniformed deputy in Mussellshell County stopped the vehicle for a traffic violation and positively identified all three subjects.  Kopp, Nava and Martinez, acting in concert, distributed 43.2 grams of 49.4% methamphetamine or 21.3 grams of actual methamphetamine, a Schedule II controlled substance.

On September 28, 2009, the same CHS made telephonic contact with Martinez again for the purpose of purchasing one ounce of methamphetamine on September 29, 2009 in Billings.  The following day, on September 29, 2009, the CHS called Martinez again, and she told the CHS to come to her residence at 345 Jefferson Street in Billings.  After arriving at the location, the CHS made contact again with Martinez, Larry Kopp, and Tanya Nava.  On the body wire

4

recording, Nava and defendant Larry Kopp could be heard weighing the methamphetamine out together, as they were having a disagreement as to how much was in an ounce.  Nava and Kopp were acting in concert and aided and abetted each other in weighing out the one ounce of methamphetamine that was to be distributed to the CHS.  The CHS ended up purchasing 26.9 grams of 47.9% methamphetamine or 12.8 grams of actual methamphetamine, a Schedule II controlled substance, for $2,400 cash.  After the CHS left, it was realized that a digital scale belonging to the Drug Task Force was left at 345 Jefferson.  That scale was later recovered by law enforcement officers on November 24, 2009 from Tanya Nava's vehicle.

The United States would call all law enforcement officers on surveillance, Lisa Martinez, and Colen Gibson for the two controlled buys in Counts II and III.  A DEA Lab forensic chemist would establish that methamphetamine is a Schedule II controlled substance and would further testify to the weights and purities as set forth in the controlled buys in Grass Range and Billings, MT.

DATED this 13th day of September, 2011.

MICHAEL W. COTTER
United States Attorney

/s/ James E. Seykora
JAMES E. SEYKORA
Assistant U.S. Attorney
Attorney for Plaintiff